IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WARREN JAY SMITH,<br>Plaintiff, | §<br>§<br>§<br>§ |
| v. | § CIVIL ACTION NO. |
| | § |
| THE CITY OF SAN ANTONIO, Texas | §<br>§<br>§ |
| Defendants. | § JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiff, Warren Jay Smith is a 64 year old retired, 100% disabled veteran, and resident of Schertz, Guadalupe County, Texas.

2. Defendant, the City of San Antonio. City of San Antonio, Texas, is a municipal corporation, may be served with process by serving the City Clerk, Ms. Debbie Racca-Sittre at City Tower 100 W. Houston St., Concourse San Antonio, Texas 782, Texas 78205.

3. Defendant, G. Faulkner, an individual, and a City of San Antonio Police Department officer, badge number 2106, may be served with process at his place of employment, at the Public Safety Headquarters for the City of San Antonio at 315 S. Santa Rosa, San Antonio, Texas 78207. Defendant, Van Kirk an individual, and a City of San Antonio Police Department officer, badge number 1743, may be served with process at his place of employment, at the Public Safety Headquarters for the City of San Antonio at 315 S. Santa Rosa, San Antonio, Texas 78207, Officer Belo City of San Antonio Police Department officer, badge number 40, may be served with process at his place of employment, at the Public Safety Headquarters for the City of San Antonio at 315 S. Santa Rosa, San Antonio, Texas 78207. Defendant Cavazos City of San Antonio Police Department officer, badge number 3374, may be served with process at his place of employment, at the Public Safety Headquarters for the City of San Antonio at 315 S. Santa Rosa, San Antonio, Texas 78207.

### B. JURISDICTION

4. The court has jurisdiction over the lawsuit because the action arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. The court also has jurisdiction over the lawsuit because the action also arises under the color of law, pursuant to 42 USC § 1983.

### C. VENUE

5. Venue is proper in this district under 28 U.S.C.§1391(b)(2)} because a substantial part of the events or omissions giving rise to this claim occurred in this district. The Plaintiff were

arrested at his place of business at 1850 E. Houston, San Antonio, Texas 78202 and transported to the Bexar County Jail.

## D. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## E. FACTS

7. On March 14, 2020, 15 police officers of the Police Department of Defendant City of San Antonio arrived en masse at 10:30 pm at the Plaintiffs place business a private club licensed by TABC, "Casa De Smitty's" at 1850 E Houston. The police claimed this raid by a small army was because the music was a noise complaint but the decibel level was 63. When Mr. Smith pointed out that he and the Vidals, Carlos and Chris, who made the complaint, had made a mediated settlement that the noise level was not to exceed 85 decibels. The Defendant Officer Belo said the noise was too loud, yet it was not over 63 decibels. From September 2015 until September 2020, The San Antonio Police Department raided his place of business for over 536 times. They harassed the patrons on a regular basis requesting identification and asking investigative questions There were over 300, 911 calls most of the time from the same person which usually lead to n citations. The San Antonio Police Department took decibel checks and cited Plaintiff with 14 citations which all were dismissed, with the exceptions of one.

8. The officers then entered the establishment and began an inspection without explanation. Mr. Smith had signed an inspection waiver with the TABC when he secured his private club license and did not offer any resistance. Mr. Smith approached one of the officers, but Defendant Belo intervened, and demanded that Mr. Smith produce ID because the officer, "Bo," was going to arrest Mr. Smith on a Class C misdemeanor for not having a "No Smoking" sign on the front entrance.

9. Shortly after March 14, 2020, raid had begun, Defendant Cavazos, badge 3374, appeared. A week before, Mr. Smith had complained to his superiors, that Cavazos had parked his police car on the sidewalk that crossed the establishment's driveway, denying access to the parking area. The raid and subsequent bogus charges were in retaliation by Cavazos. Belo, Faulkner, and Van Kirk. Mr. Smith had been in that spot for five years, and had reached a mediated settlement with Carlos and Chris Vidal regarding the music level. Possibly encouraged by Cavazos and Van Kirk, the Vidals amped up their complaints about the music levels. G. Faulkner confiscated 24 bottles of liquor, without prior authority from the TABC. Th inventory was worth approximately $2,500.00 dollars. The police reports do not show that the physical evidence was ever entered into the evidence log, and the inventory was never returned to Mr. Smith. This confiscation, and possible theft, was a violation of the Fifth Amendment rights of Mr. Smith. Mr. Smith demands the sum of $2500.00 for this gross violation of his Fifth Amendment rights.

10. On September 4, 2020, Defendant officers, Defendants Officer Belo, badge number 40, and Van Kirk, badge 1743, of the Police Department of Defendant City of San Antonio arrived en masse at 6:30 pm at the Plaintiffs place business a private club licensed by TABC, "Casa De Smitty's" at 1850 E Houston. The Belo claimed the music was "too loud". When Mr. Smith pointed out that he and the Vidals, Carlos and Chris, who made the complaint, had made a mediated

settlement that the noise level was not to exceed 85 decibels. The Defendant Officer Belo said the noise was too loud, not because it was over 63 decibels, but because he thought the music was too loud. Officer Belo did not have an instrument to measure the decibels. Mr. Smith asked that he produce proof that his music level was above 63 decibels.

11. Defendant Officer Belo claimed he had taken a measured decibel reading from an adjoining property and got a decibel reading of 71 or something. Belo then said he was going to issue a citation for "too loud noise". Belo demanded Mr. Smith's ID and ordered him to sign the citation, which Mr. Smith did. However, Belo said his signature did not look like the signature on his license. Mr. Smith adamantly stated that his signature of the citation was his signature and Belo told him to sign again. Mr. Smith was stunned and refuse to sign again because the signature would be identical to the one he had just signed, and the officer would still be crowing that the signature did not look like the one on the license. Belo announced that he was arresting Mr. Smith and proceeded to cuff him. All the while Mr. Smith was asking to speak to a superior. Belo ignored his request. Mr. Smith asked to be cuffed in the front in that he had a 100% veteran disability rating, due to a shoulder injury incurred as an enlisted man. Belo ignored his plea and twisted his arm behind his back and transported him to jail. The injuries suffered were significant, substantial, and severe. Immediately after Mr. Smith was released, he went to the Brooke Army Medical Center. He was diagnosed with "Acute upper extremity pain involving the left shoulder".

12. Mr. Smith made complaints to Internal Affairs and the result was a weak "the police made a mistake". As part of the policy developed by the leadership of the City and the police department, not one of the police offers were disciplined, retrained, or closely supervised by the City of San Antonio. This is a custom and practice fostered and encouraged, by the Defendant City of San Antonio Police Department.

13. In fact, the retaliatory harassment reached shocking new heights. Over the next two years he received more than 14 complaints by this quartet of terror. He went to court and had to make bond. The result was dismissal by the City, after three years; and TABC accumulating notices of citations. Eventually were all dismissed, but not before the TABC pulled his license. He suffered a loss in income and loss of his license. The economic loss equates to at least $250,000 for which the Plaintiff seeks from the City of San Antonio.

14. Over the three-year period, as Mr. Smith was being a victim of abuse of process and being maliciously prosecuted by the City of San Antonio. Defendants were acting under color of the laws and regulations of the State of Texas and Defendant City of San Antonio law enforcement unit. They engaged in a pattern and practice of harassment that publicly humiliated the plaintiff and his patrons which eventually resulted in the closing of his business. In fact, on one occasion they worked with the Guadalupe Sheriff's department and had plaintiff arrested without cause at his home in front of his family and neighbors to cause further humiliation and mental distress and a direct violation of his civil rights. Due to the defendant's actions Mr. Smith had to receive several weeks of counseling for PTSD and had to receive medical treatment in the emergency room for a should injury related to his arrest and mistreatment. In six years of business there were no fights, no shootings or any other criminal behavior that warranted such treatment from the officers, and nor was the department police contacted for any assistance at the business. Defendant City of San Antonio had a policy and custom in place that enabled its Police Department's, agents, and employees, to act with deliberate indifference to the constitutional rights of individuals. The

Defendant City of San Antonio trains, or acquiesces, to its officers to cover unconstitutional acts, with false statements, if they are aware that their misconduct is being recorded in today's camera phone environment. The Defendants foster and commit unconstitutional acts, and adds verbiage to body cams, where the original language has been deleted. This practice directly fosters the false" resistance statements tactics" used by the Defendants, when using unnecessary and unreasonable force. Defendant tolerates misconduct by its police officers and encourages misconduct by failing to adequately supervise, discipline, or train.

### F. COUNT 1 - VIOLATION OF CONSTITUTIONAL RIGHTS

15. The exercise of these established policies and customs violated Plaintiffs' clearly established rights under the U.S. Constitution

   (A) against unreasonable seizure of their person or property.

   (B) against the use abuse of process and malicious prosecution.

   (C) denial of due process.

### G. COUNT 2 - 42 U.S.C. §1983 AGAINST INDIVIDUAL DEFENDANTS

16. The Defendants, individually, acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiffs' clearly established constitutional rights.

### H. COMPLIANCE WITH NOTICE PROVISIONS

17. Plaintiffs timely presented claim to defendant as required by the City of San Antonio city charter in January 2023. Alternatively, after having actual notice, the City of San Antonio through its Police Department had all the information it needed to conduct an investigation. The City of San Antonio was aware that the charges against the plaintiffs were dismissed. This is further factual basis for the actual notice that a wrong was instituted and that liability existed.

### I. DAMAGES

18. As a direct and proximate result of the Defendants, failure to supervise, malicious prosecution abuse of process and denial of due process compensate for the economic loss associated with the denial of Plaintiff rights unlawful seizure and the refusal to provide necessary medical attention, Plaintiff Smith suffered the following injuries and damages:

   a. Medical expenses in the past and future.

   b. Physical pain and mental anguish in the past and future.

   c. Physical impairment in the past and future.

   d. Pain and suffering

    e.    Attorney fees for representation in state court.

As a direct and proximate result of the Defendants, denial of due process and malicious prosecution use of excessive force, and unlawful seizure, Plaintiff Smith suffered the following injuries and damages:

    a.    Lost earnings.

    b.    Loss of earning capacity.

    c.    Mental Anguish.

    d.    Pain and suffering.

    d.    Attorney fees for representation in state courts.

## J. ATTORNEY FEES

19. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

## K. PRAYER

20. For these reasons, Plaintiffs asks for judgment against defendant for the following:

    a.    Actual damages of $2,250,000.00

    b.    $50,000 for reasonable attorney fees.

    c.    Prejudgment and post judgment interest.

    d.    Costs of suit.

    e.    All other relief the court deems appropriate.

Respectfully submitted,

*/s/Regina M. Scrivner-Tibbs*
REGINA M. SCRIVNER-TIBBS
Attorney at Law
Texas Bar No. 17931200
1106 Greystone Ridge
San Antonio, Texas 78254
Tel. (210) 226-8910
Fax. (855) 898-9725
lawoffice.rst@gmail.com